UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

REBECCA BAEZA; Individually and as Parent and Natural Guardian of JOSEPH BAEZA :

Vs. :

LORI BENOIT; LAURETTA MORANTO d/b/a TUFFY'S SPORTS BAR AND GRILL; and CADY'S INN, INC. :

CA 06 193 S

C.A. #:

**COMPLAINT**
**(PARTIES & JURISDICTION)**

1. Plaintiff, Rebecca Baeza, Individually, and as Parent and Natural Guardian of Joseph Baeza, is a resident of Thompson, Connecticut.

2. Defendant, Lori Benoit, is a resident of North Smithfield, Rhode Island.

3. Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, is a resident of Warwick, Rhode Island, and operates a business in the Town of Oakland, State of Rhode Island, where she has at all times herein mentioned operated and maintained a social club establishment which serves food and alcoholic beverages.

4. Defendant, Cady's Inn, Inc., is a business corporation existing under the laws of the State of Rhode Island, with a principal place of business in the Town of Glocester, State of Rhode Island, where it has at all times herein mentioned operated and maintained a social club establishment which serves food and alcoholic beverages.

5. This is a claim resulting in serious personal injuries to the Plaintiff. As such, the monetary amount claimed is in excess of $75,000.00, exclusive of interest and costs and is sufficient to meet the jurisdiction of this Honorable Court.

6. Jurisdiction over the subject matter exists pursuant to 29 U.S.C. §1332, as a result of diversity.

**COUNT I**
**(Benoit)**

7. On or about March 18, 2006, the Defendant, Lori Benoit, was the owner and operator of the vehicle she was operating on Putnam Pike in Glocester, Rhode Island, a public highway.

8. At all times herein mentioned, Plaintiff, Rebecca Baeza, was in the exercise of due care for her own safety and for the safety of others.

9. In operating her said motor vehicle, the Defendant, Lori Benoit, owed a duty to the Plaintiff, Rebecca Baeza, to exercise reasonable care in the operation of her motor vehicle.

10. Defendant, Lori Benoit, failed to exercise said degree of care in that she negligently, carelessly, recklessly and in an intoxicated manner operated her said vehicle causing Plaintiff, Rebecca Baeza, to suffer and become afflicted with severe personal injuries and extreme pain and suffering.

11. As a direct and proximate result of the negligence, recklessness, carelessness, and operation of said vehicle in an intoxicated manner by the Defendant, Lori Benoit, Plaintiff, Rebecca Baeza, was severely and permanently injured, suffered great pain of the body and nervous system, was rendered disabled, and suffered both a loss of wages and earning capacity.

12. As a direct and proximate result of the negligence of the Defendant, Lori Benoit, the minor child of the Plaintiff, has suffered a loss of society, love, and companionship of his mother, the Plaintiff, Rebecca Baeza.

**COUNT II**
**(Tuffy's Sport's Bar and Grill)**

13. Paragraphs 1 through 12 of Counts I and II are hereby incorporated by reference as if fully set forth at length herein.

14. Upon information and belief, on March 18, 2006, Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, was the owner and operator of a social club and establishment which hosted Defendant, Lori Benoit.

15. At all relevant times herein mentioned, Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, by and through her agents, servants and employees, owed a duty to the general public, including Plaintiff, Rebecca Baeza, to exercise reasonable care in serving alcoholic beverages to its customers.

16. At all relevant times herein mentioned, Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, through her servants and employees, breached this duty owed by negligently serving liquor to Defendant, Lori Benoit, when Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, by and through her agents, servants, and employees, knew or should have known that Defendant, Lori Benoit, was intoxicated.

17. At all relevant times herein mentioned, Defendant, Lori Benoit, operated a motor vehicle on Putnam Pike in Glocetser, Rhode Island, a public highway, upon leaving the

premises of the Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, in a visibly intoxicating manner.

18. As a direct and proximate result of the aforementioned negligence of the agents, servants and employees of Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, Defendant, Lori Benoit, negligently, carelessly, recklessly and in an intoxicated manner operated her motor vehicle.

19. As a direct and proximate result of the aforementioned negligence of the agents, servants and employees of Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, Defendant, Lori Benoit, operated her said motor vehicle in a negligent manner causing a collision with Plaintiff, Rebecca Baeza, a pedestrian, in Glocester, Rhode Island.

20. As a direct and proximate result of the negligence of the agents, servants and employees of the Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, Plaintiff, Rebecca Baeza, suffered severe and permanent injuries, suffered extreme conscious pain of body, nerves and nervous system.

21. As a direct and proximate result of the negligence of the Defendant, the minor child of the Plaintiff, has suffered a loss of society, love, and companionship of his mother, the Plaintiff, Rebecca Baeza.

**COUNT III**
**(Tuffy's Sport's Bar and Grill)**

22. Paragraphs 1 through 21 of Counts I through III are hereby incorporated by reference as if fully set forth at length herein.

23. Upon information and belief, on or about March 18, 2006, Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, by and through her agents, servants and employees, undertook for valuable consideration to serve Defendant, Lori Benoit, a customer of said establishment.

24. It then and there became the duty of the Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, by and through her agents, servants and employees, to exercise that degree of care in serving liquor to her customers that a reasonable and prudent establishment and individual would observe when rendering similar services in this locality or a similar locality.

25. At all relevant times herein mentioned, Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, by and though her agents, servants and employees, breached this duty owed by (i) recklessly serving liquor to Defendant, Lori Benoit, who was visibly intoxicated; and (2) consciously disregarding an obvious and substantial risk that serving liquor to the Defendant, Lori Benoit, would cause physical harm to others.

26. At all times relevant herein mentioned, as a direct and proximate result of the reckless service of liquor by the agents, servants and employees of Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, Defendant, Lori Benoit, negligently, carelessly, recklessly and in an intoxicated manner operated her said motor vehicle.

27. As a direct and proximate result of the aforementioned reckless service of liquor by the agents, servants and employees of the Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, to the Defendant, Lori Benoit, Defendant, Lori Benoit operated her said motor vehicle in a negligent, careless, reckless and intoxicated manner causing a collision with Plaintiff, Rebecca Baeza, a Pedestrian, in Glocester, Rhode Island.

28. As a direct and proximate result of the reckless service of liquor by the agents, servants and employees of Defendant, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, to Defendant, Lori Benoit, Plaintiff, Rebecca Baeza, suffered severe and permanent injuries, suffered extreme conscious pain of the body, nerves and nervous system.

29. As a direct and proximate result of the negligence of the Defendant, the minor child of the Plaintiff, has suffered a loss of society, love, and companionship of his mother, the Plaintiff, Rebecca Baeza.

## COUNT IV
## (Cady's)

30. Paragraphs 1 through 29 of Counts I through IV are hereby incorporated by reference as if fully set forth at length herein.

31. Upon information and belief, on March 18, 2006, Defendant, Cady's Inn, Inc., was the social club and establishment which hosted Defendant, Lori Benoit.

32. At all relevant times herein mentioned, Defendant, Cady's Inn, Inc., by and through its agents, servants and employees, owed a duty to the general public, including Plaintiff, Rebecca Baeza, to exercise reasonable care in serving alcoholic beverages to its customers.

33. At all relevant times herein mentioned, Defendant, Cady's Inn, Inc., by and through its agents, servants and employees, breached this duty owed by negligently serving liquor to Defendant, Lori Benoit, when Defendant, Cady's Inn, Inc., by and through its agents, servants, and employees, knew or should have known that Defendant, Lori Benoit, was intoxicated.

34. At all relevant times herein mentioned, Defendant, Lori Benoit, operated a motor vehicle on Putnam Pike in Glocester, Rhode Island, a public highway, upon leaving the premises of the Defendant, Cady's Inn, Inc., in a visibly intoxicating manner.

35. As a direct and proximate result of the aforementioned negligence of the agents, servants and employees of Defendant, Cady's Inn, Inc., Defendant, Lori Benoit, negligently, carelessly, recklessly and in an intoxicated manner operated her motor vehicle.

36. As a direct and proximate result of the aforementioned negligence of the agents, servants and employees of Defendant, Cady's Inn, Inc., Defendant, Lori Benoit, operated her said motor vehicle in a negligent manner causing a collision with Plaintiff, Rebecca Baeza, a pedestrian, in Glocester, Rhode Island.

37. As a direct and proximate result of the negligence of the agents, servants and employees of the Defendant, Cady's Inn, Inc., Plaintiff, Rebecca Baeza, suffered severe and permanent injuries, suffered extreme conscious pain of body, nerves and nervous system.

38. As a direct and proximate result of the negligence of the Defendant, the minor child of the Plaintiff, has suffered a loss of society, love, and companionship of his mother, the Plaintiff, Rebecca Baeza.

**COUNT V**
**(Cady's)**

39. Paragraphs 1 through 38 of Counts I through V are hereby incorporated by reference as if fully set forth at length herein.

40. Upon information and belief, on or about March 18, 2006, Defendant, Cady's Inn, Inc., by and through its agents, servants and employees, undertook for valuable consideration to serve Defendant, Lori Benoit, a customer of said establishment.

41. It then and there became the duty of the Defendant, Cady's Inn, Inc., by and through its agents, servants and employees, to exercise that degree of care in serving liquor to its customers that a reasonable and prudent establishment and individual would observe when rendering similar services in this locality or a similar locality.

42. At all relevant times herein mentioned, Defendant, Cady's Inn, Inc., by and though its agents, servants and employees, breached this duty owed by (i) recklessly serving liquor to Defendant, Lori Benoit, who was visibly intoxicated; and (2) consciously disregarding an obvious and substantial risk that serving liquor to the Defendant, Lori Benoit, would cause physical harm to others.

43. At all times relevant herein mentioned, as a direct and proximate result of the reckless service of liquor by the agents, servants and employees of Defendant, Cady's Inn, Inc., Defendant, Lori Benoit, negligently, carelessly, recklessly and in an intoxicated manner operated her said motor vehicle.

44. As a direct and proximate result of the aforementioned reckless service of liquor by the agents, servants and employees of the Defendant, Cady's Inn, Inc., to the Defendant, Lori Benoit, Defendant, Lori Benoit operated her said motor vehicle in a negligent, careless, reckless and intoxicated manner causing a collision with Plaintiff, Rebecca Baeza, a Pedestrian, in Glocester, Rhode Island.

45. As a direct and proximate result of the reckless service of liquor by the agents, servants and employees of Defendant, Cady's Inn, Inc., to Defendant, Lori Benoit, Plaintiff, Rebecca Baeza, suffered severe and permanent injuries, suffered extreme conscious pain of the body, nerves and nervous system.

46. As a direct and proximate result of the negligence of the Defendant, the minor child of the Plaintiff, has suffered a loss of society, love, and companionship of his mother, the Plaintiff, Rebecca Baeza.

WHEREFORE, Plaintiff, Rebecca Baeza, Individually, and in her capacity as parent and Natural Guardian of Joseph Baeza, demands judgment against Defendants, Lori Benoit, Lauretta Moranto, d/b/a Tuffy's Sports Bar and Grill, and Cady's Inn, Inc., jointly and severally for compensatory damages and punitive damages, plus interest and costs.

Plaintiffs demand a jury trial and designate Peter P.D. Leach, Esquire as trial counsel.

Plaintiffs,
By their attorney,

Peter P.D. Leach #3955
One Charles Street
Providence, RI 02904
401-521-9100

DATE: April 24, 2006