UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| REBECCA BAEZA; Individually and as Parent and Natural guardian of JOSEPH BAEZA | : | |
| v. | : | C.A. No.06-193S |
| LORI BENOIT; LAURETTA MORANTO d/b/a TUFFY'S SPORTS BAR AND GRILL; and CADY'S INN, INC. | : | |

# DEFENDANT'S, LORI BENOIT, ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

## (PARTIES & JURISDICTION)

1. Defendant neither admits or denies the allegations set forth in paragraph 1 of Plaintiffs' Amended Complaint and therefore leaves Plaintiffs to their proof thereof.

2. Defendant neither admits or denies the allegations set forth in paragraph 2 of Plaintiffs' Amended Complaint and therefore leaves Plaintiff to their proof thereof.

3. The allegations contained in paragraph 3 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

4. The allegations contained in paragraph 4 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

5. Defendant neither admits or denies the allegations set forth in paragraph 5 of Plaintiffs' Amended Complaint and therefore leaves Plaintiff to their proof thereof.

6. Denied.

**COUNT I**
**(Benoit)**

7. Defendant neither admits or denies the allegations set forth in paragraph 7 of Plaintiffs' Amended Complaint and therefore leaves Plaintiffs to their proof thereof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendant, they are denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

**COUNT II**
**(Tuffy's Sport's Bar and Grill)**

13. Defendant repeats, realleges, and incorporates by reference their responses to paragraphs 1 through 12 of Plaintiffs' Amended Complaint as if fully set forth herein.

14. The allegations contained in paragraph 14 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

15. The allegations contained in paragraph 15 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant

is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

16. The allegations contained in paragraph 16 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

17. Denied.

18. Denied.

19. Denied.

20. The allegations contained in paragraph 20 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

21. The allegations contained in paragraph 21 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT III**
**(Lauretta Moranto, d/b/a Tuffy's Sport's Bar and Grill)**

22. Defendant repeats, realleges, and incorporates by reference their responses to paragraphs 1 through 21 of Plaintiffs' Amended Complaint as if fully set forth herein.

23. The allegations contained in paragraph 23 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant

is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

24. The allegations contained in paragraph 24 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

25. The allegations contained in paragraph 25 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

26. Denied.

27. Denied.

28. The allegations contained in paragraph 28 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

29. The allegations contained in paragraph 29 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT IV**
**(Cady's)**

30. Defendant repeats, realleges, and incorporates by reference their responses to paragraphs 1 through 29 of Plaintiffs' Amended Complaint as if fully set forth herein.

31. The allegations contained in paragraph 31 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

32. The allegations contained in paragraph 32 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

33. The allegations contained in paragraph 33 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

34. Denied.

35. Denied.

36. Denied.

37. The allegations contained in paragraph 37 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

38. The allegations contained in paragraph 38 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT V**
**(Cady's)**

39 Defendant repeats, realleges, and incorporates by reference their responses to paragraphs 1 through 38 of Plaintiffs' Amended Complaint as if fully set forth herein.

40. The allegations contained in paragraph 40 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

41. The allegations contained in paragraph 41 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

42. The allegations contained in paragraph 42 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

43. Denied.

44. Denied.

45. The allegations contained in paragraph 45 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

46. The allegations contained in paragraph 46 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant

is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT VI**
**NEGLIGENCE**
**(Lauretta Moranto, d/b/a Tuffy's Sport's Bar and Grill)**

47. Defendant repeats, realleges, and incorporates by reference their responses to paragraphs 1 through 46 of Plaintiffs' Amended Complaint as if fully set forth herein.

48. The allegations contained in paragraph 48 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

49. The allegations contained in paragraph 49 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT VII**
**NEGLIGENCE**
**(Cady's)**

50. Defendant repeats, realleges, and incorporates by reference their responses to paragraphs 1 through 49 of Plaintiffs' Amended Complaint as if fully set forth herein.

51. The allegations contained in paragraph 51 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

52. The allegations contained in paragraph 52 of Plaintiffs' Amended Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

Wherefore, the Defendants denies that the Plaintiffs are entitled to judgment in any amount.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's negligence contributed to the incident referenced in Plaintiffs' Complaint, and as such, any recovery by Plaintiff should be reduced by Plaintiff's comparative negligence.

**SECOND AFFIRMATIVE DEFENSE**

If the plaintiffs' sustained injuries or damages as alleged which is denied, they assumed the risk of injury.

**THIRD AFFIRMATIVE DEFENSE**

The negligence of Plaintiffs contributed to the injuries claimed in the Complaint and plaintiffs' negligence should reduce any recovery pursuant to R.I.G.L. §9-20-4.

**FOURTH AFFIRMATIVE DEFENSE**

If the plaintiffs sustained injuries and damages as alleged which is denied, the same was due to their want of due care in the circumstances.

**FIFTH AFFIRMATIVE DEFENSE**

The defendant's state that said injuries were caused by the intervening and/or superceding acts of third persons for which Defendant is not liable.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant denies any breach of duty legally owed to Plaintiffs.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant denies that they were negligent.

**EIGHTH AFFIRMATIVE DEFENSE**

The damages and injuries alleged by Plaintiffs in Plaintiffs' Amended Complaint were caused in whole and/or in part, by a third party for whom Defendant is not legally responsible.

**NINTH AFFIRMATIVE DEFENSE**

Defendant denies that any act or omission on their part was the proximate cause of any injury and/or damage to Plaintiffs.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages.

**TWELVTH AFFIRMATIVE DEFENSE**

There has been insufficiency of service of process and insufficiency of process upon Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendants are barred in whole or in part by the doctrine of estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendants are barred in whole or in part by the doctrine of waiver and release.

**FIFTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Defendants plead the sudden emergency doctrine.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendants allege that any damage suffered by Plaintiffs as alleged in the Complaint was the result of acts and omissions of Plaintiffs and not the result of acts or omissions of Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to name a party necessary for the full and adequate relief essential in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendants are barred in whole or in part by the doctrine of laches.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendants are barred in whole or in part by the applicable statute of limitations.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendants are barred in whole or in part by the doctrine of joint enterprise.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs have failed to give proper notice as required by Rhode Island Law.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

By way of affirmative defense, Defendant states that the damages alleged in Plaintiff's Complaint were caused by circumstances beyond the control of Defendant.

WHEREFORE, Defendant prays that this Court:

A. Enter judgment for Defendant and against Plaintiffs;

B. Award Defendant costs, expenses and attorney's fees; and

C. Grant such further relief as this Court may deem just and proper.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY**

DEFENDANT,
Lori Benoit,
By her Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esquire #5023
55 Cedar Street, Suite 102
Providence, Rhode Island 02903
(401) 621-8000
Fax (401) 621-8001

**CERTIFICATION**

Peter P.D. Leach, Esquire
One Charles Street
Providence, RI 02904

I hereby certify that I caused a true and accurate copy of the within *Defendant's Answer to Plaintiffs' Amended Complaint* to be mailed via first class mail, postage prepaid, to the above-listed attorney this 23rd day of June, 2006.