MKD:jlb 31207 \pleading\31207answer

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| REBECCA BAEZA, Individually and as Parent and Natural Guardian of JOSEPH BAEZA | : | |
| VS. | : | C.A. No.: 06-193S |
| LORI BENOIT, LAURETTA MORANTO d/b/a TUFF'S SPORTS BAR AND GRILL and CADY'S INN, INC. | : | |

**ANSWER OF CADY'S INN, INC.**

1. Neither admitted nor denied as the defendant is without knowledge sufficient to determine the veracity of the allegation.

2. Neither admitted nor denied as the defendant is without knowledge sufficient to determine the veracity of the allegation.

3. Neither admitted nor denied as the defendant is without knowledge sufficient to determine the veracity of the allegation.

4. Admitted.

5. Neither admitted nor denied as the defendant is without knowledge sufficient to determine the veracity of the allegation.

6. Neither admitted nor denied as the defendant is without knowledge sufficient to determine the veracity of the allegation.

**COUNT I**

7. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

8. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

9. The allegation does not call for a response by this defendant. Denied to the extent a

response is requested.

10. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

11. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

12. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

**COUNT II**

13. Defendant hereby incorporates its responses in paragraphs 1 through 12 as if fully set forth herein.

14. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

15. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

16. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

17. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

18. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

19. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

20. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

21. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

## COUNT III

22. The defendant hereby incorporates by reference its responses in paragraphs 1 through 21 as if fully set forth herein.

23. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

24. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

25. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

26. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

27. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

28. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

29. The allegation does not call for a response by this defendant. Denied to the extent a response is requested.

## COUNT IV

30. The defendant hereby incorporates by reference its responses in paragraphs 1 through 29 as if fully set forth herein.

31. Neither admitted nor denied as defendant is without information sufficient to determine the veracity of this allegation.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

WHEREFORE, defendant demands judgment against the plaintiff.

## COUNT V

39. Defendant hereby incorporates by reference its responses in paragraphs 1 through 38 as if fully set forth herein.

40. Neither admitted nor denied as defendant is without information sufficient to determine the veracity of the allegation.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

WHEREFORE, defendant demands judgment against the plaintiff.

## COUNT VI

47. Defendant hereby incorporates by reference its responses in paragraphs 1 through 46 as if fully set forth herein.

48. This allegation does not call for a response by this defendant. Denied to the extent a response is requested.

49. This allegation does not call for a response by this defendant. Denied to the extent a response is requested.

## COUNT VII

50. Defendant hereby incorporates by reference its responses in paragraphs 1 through 49 as if fully set forth herein.

51. Denied.

52. Denied.

WHEREFORE, defendant demands judgment against the plaintiff.

**Defendant hereby demands a trial by jury.**

## FIRST AFFIRMATIVE DEFENSE

The defendant affirmatively states if the plaintiff was injured as alleged, it was a result of a superseding and/or intervening act of a third-party.

## SECOND AFFIRMATIVE DEFENSE

If the plaintiff was injured as alleged, her injuries were caused in whole or in part by her failure to exercise due care for her own safety.

## THIRD AFFIRMATIVE DEFENSE

If the plaintiff was injured as alleged, said injuries were caused by the actions of others, for which this defendant is not liable.

## FOURTH AFFIRMATIVE DEFENSE

The defendant affirmatively pleads that plaintiff's complaint fails to state a claim upon which relief can be granted against this defendant as there is no recognized common law cause of action as alleged by plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

The defendant affirmatively pleads that the definitions of recklessness and negligence as contained in Rhode Island General Laws §3-14-1, et seq., also known as the Rhode Island Liquor Liability Act, constitute the exclusive standards of conduct applicable to plaintiffs' causes of action against this defendant.

Respectfully Submitted,

DEFENDANT, Cady's Inn, Inc.
By Its Attorneys,

J. Renn Olenn by MKD #6089

J. Renn Olenn, Esq. #0623
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

Martin K. DeMagistris

Martin K. DeMagistris, Esq. #6089
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**CERTIFICATION**

I certify that I sent a true copy of the within on 7/28/06 to:

Christopher L. Russo, Esq.
Kirshenbaum & Kirshenbaum
888 Reservoir Avenue
Cranston, RI 02910

Peter P.D. Leach, Esq.
One Charles Street
Providence, RI 02904

Daryl Dayian, Esq.
55 Cedar St., Suite 102
Providence, RI 02903