UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 06-193S.

| | | |
|---|---|---|
| DAVID BOLDUC | : | |
| | : | |
| v. | : | C.A. No.06-4387 |
| | : | |
| LORI BENOIT; LAURETTA MORANTO | : | |
| d/b/a TUFFY'S SPORTS BAR | : | |
| AND GRILL; and CADY'S INN, INC. | : | |

**DEFENDANT, LORI BENOIT'S, ANSWER TO PLAINTIFF'S COMPLAINT**

1. Defendant neither admits or denies the allegations set forth in paragraph 1 of Plaintiff's Complaint and therefore leaves Plaintiff to his proof thereof.

2. Defendant neither admits or denies the allegations set forth in paragraph 2 of Plaintiff's Complaint and therefore leaves Plaintiff to his proof thereof.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

4. The allegations contained in paragraph 4 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT I**
**(Benoit)**

5. Defendant neither admits or denies the allegations set forth in paragraph 5 of Plaintiff's Complaint and therefore leaves Plaintiff to his proof thereof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendant, they are denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

**COUNT II**
**(Tuffy's Sport's Bar and Grill)**

11. Defendant repeats, realleges, and incorporates by reference her responses to paragraphs 1 through 10 of Plaintiff's Complaint as if fully set forth herein.

12. The allegations contained in paragraph 12 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

13. The allegations contained in paragraph 13 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

14. The allegations contained in paragraph 14 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

15. Denied.

16. Denied.

17. Denied.

18. The allegations contained in paragraph 18 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT III**
**(Lauretta Moranto, d/b/a Tuffy's Sport's Bar and Grill)**

19. Defendant repeats, realleges, and incorporates by reference her responses to paragraphs 1 through 18 of Plaintiff's Complaint as if fully set forth herein.

20. The allegations contained in paragraph 20 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

21. The allegations contained in paragraph 21 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

22. The allegations contained in paragraph 22 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

23. Denied.

24. Denied.

25. The allegations contained in paragraph 25 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT IV**
**(Cady's)**

26. Defendant repeats, realleges, and incorporates by reference her responses to paragraphs 1 through 25 of Plaintiff's Complaint as if fully set forth herein.

27. The allegations contained in paragraph 27 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

28. The allegations contained in paragraph 28 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

29. The allegations contained in paragraph 29 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

30. Denied.

31. Denied.

32. Denied.

33. The allegations contained in paragraph 33 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT V**
**(Cady's)**

34 Defendant repeats, realleges, and incorporates by reference her responses to paragraphs 1 through 33 of Plaintiff's Complaint as if fully set forth herein.

35. The allegations contained in paragraph 35 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

36. The allegations contained in paragraph 36 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

37. The allegations contained in paragraph 37 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

38. Denied.

39. Denied.

40. The allegations contained in paragraph 40 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT VI**
**NEGLIGENCE**
**(Lauretta Moranto, d/b/a Tuffy's Sport's Bar and Grill)**

41. Defendant repeats, realleges, and incorporates by reference her responses to paragraphs 1 through 40 of Plaintiff's Complaint as if fully set forth herein.

42. The allegations contained in paragraph 42 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

**COUNT VII**
**NEGLIGENCE**
**(Cady's)**

43. Defendant repeats, realleges, and incorporates by reference her responses to paragraphs 1 through 42 of Plaintiff's Complaint as if fully set forth herein.

44. The allegations contained in paragraph 44 of Plaintiff's Complaint refer to another Defendant and therefore no response on the part of Defendant is required. To the extent that the allegations contained in this paragraph allege liability on the part of Defendant, they are denied.

Wherefore, the Defendant denies that the Plaintiff is entitled to judgment in any amount.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's negligence contributed to the incident referenced in Plaintiff's Complaint, and as such, any recovery by Plaintiff should be reduced by Plaintiff's comparative negligence.

**SECOND AFFIRMATIVE DEFENSE**

If the plaintiff sustained injuries or damages as alleged which is denied, they assumed the risk of injury.

**THIRD AFFIRMATIVE DEFENSE**

The negligence of Plaintiff contributed to the injuries claimed in the Complaint and plaintiff's negligence should reduce any recovery pursuant to R.I.G.L. §9-20-4.

**FOURTH AFFIRMATIVE DEFENSE**

If the plaintiff sustained injuries and damages as alleged which is denied, the same was due to his want of due care in the circumstances.

**FIFTH AFFIRMATIVE DEFENSE**

The defendant's state that said injuries were caused by the intervening and/or superceding acts of third persons for which Defendant is not liable.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant denies any breach of duty legally owed to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant denies that she was negligent.

**EIGHTH AFFIRMATIVE DEFENSE**

The damages and injuries alleged by Plaintiffs in Plaintiff's Complaint were caused in whole and/or in part, by a third party for whom Defendant is not legally responsible.

**NINTH AFFIRMATIVE DEFENSE**

Defendant denies that any act or omission on their part was the proximate cause of any injury and/or damage to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

The Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate his damages.

**TWELVTH AFFIRMATIVE DEFENSE**

There has been insufficiency of service of process and insufficiency of process upon Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of estoppel.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of waiver and release.

**FIFTEENTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, Defendant pleads the sudden emergency doctrine.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that any damage suffered by Plaintiff as alleged in the Complaint was the result of acts and omissions of Plaintiff and not the result of acts or omissions of Defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to name a party necessary for the full and adequate relief essential in this action.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of laches.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred in whole or in part by the applicable statute of limitations.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of joint enterprise.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

The Plaintiff has failed to give proper notice as required by Rhode Island Law.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

By way of affirmative defense, Defendant states that the damages alleged in Plaintiff's Complaint were caused by circumstances beyond the control of Defendant.

WHEREFORE, Defendant prays that this Court:

A. Enter judgment for Defendant and against Plaintiff;

B. Award Defendant costs, expenses and attorney's fees; and

C. Grant such further relief as this Court may deem just and proper.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY**

DEFENDANT,
Lori Benoit,
By her Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esquire #5023
55 Cedar Street, Suite 102
Providence, Rhode Island 02903
(401) 621-8000
Fax (401) 621-8001

**CERTIFICATION**

Robert J. Cosentino, Esquire
950 Smith Street
Providence, Rhode Island 02908

I hereby certify that I caused a true and accurate copy of the within *Defendant's Answer to Plaintiff's Complaint* to be mailed via first class mail, postage prepaid, to the above-listed attorney this 27th day of September, 2006.

Stephanie Hayman